**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANET ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1194-M |
| | ) | |
| L-3 COMMUNICATIONS | ) | |
| VERTEX AEROSPACE, LLC, | ) | |
| a/k/a L-3 COMMUNICATIONS; and | ) | |
| DAVE CAROTHERS, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Compel Discovery, filed January 7, 2008.  On

January 25, 2008, defendant L-3 Communications Vertex Aerospace, LLC ("L-3") filed its response,

and on February 4, 2008, plaintiff filed her reply. Plaintiff moves this Court to compel L-3 to fully

and properly answer Interrogatory Nos. 1, 2, and 5 of her opening discovery requests.

I.      Interrogatory No. 1

Plaintiff's Interrogatory No. 1 provides:

> INTERROGATORY NO. 1: Specify each material reason (i.e.: acts,
> omissions, statements, complaints, work rule violations or lack of
> skills) bearing on the reason for the termination of the Plaintiff.  For
> each such reason:
>
> A.      Identify (as defined above) each person has who [sic] material
>         knowledge of each such reason.
>
> B.      Identify (as defined above) each person who had a material
>         role in the decision to terminate/separate the Plaintiff and, for
>         each such person, explain the nature of that role, i.e.:  making
>         recommendations, making the final decision, reviewing or
>         approving such decision, or investigating such decision or
>         recommendation.

> C.  Identify (as defined above) each tangible thing including emails and electronically stored information which materially describes, explains, records or otherwise relates to each such reason.

In response to said interrogatory, L-3 provided a five page narrative response.  However, in its response, L-3 did not specifically respond to subparts A, B, or C.

Plaintiff contends L-3 should be compelled to specifically respond to each of the subparts and to provide the "identification" information, i.e., full name, home address, home phone number, etc., requested.  In its response, L-3 asserts that it provided a thoughtful, responsive, and complete answer that accurately responds to Interrogatory No. 1 and its subparts to the extent not objectionable.  L-3 further asserts that plaintiff's request that it identify "material" facts and documents is improper and poses a substantial risk of revealing information protected by the work product doctrine.

Having carefully reviewed the parties' submissions, as well as the case law, the Court finds that plaintiff's request that L-3 identify "material" facts and documents is clearly not improper but is a recognized and approved method of narrowing interrogatories seeking facts and documents which support identified allegations or defenses. *See, i.e.*, *Lucero v. Valdez*, 240 F.R.D. 591, 594-95 (D.N.M. 2007); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619 (D. Kan. 2005).  Further, the Court finds that Interrogatory No. 1, as written, does not pose a substantial risk of revealing information protected by the work product doctrine.[1]  Finally, having carefully reviewed L-3's answer to Interrogatory No. 1, the Court finds

---

[1]The Court would note that L-3 cited no cases which have held that an interrogatory which requests a party to identify material facts and documents invades the protection provided by the work product doctrine.

that L-3 has failed to respond to each of the interrogatory's subparts and has failed to provide the

requested "identification" information.  Accordingly, the Court finds that L-3 should be compelled

to properly and fully respond to Interrogatory No. 1.

II.     Interrogatory No. 2

        Interrogatory No. 2 provides:

> INTERROGATORY NO. 2: Set out the factual basis (i.e.: dates, acts or omissions) for any of your asserted affirmative defenses. Separately by reference to your affirmative defenses:
>
> A.      Identify (as defined above) each person has who [sic] material knowledge of each material basis for each defense.
>
> B.      Identify (as defined above) each tangible thing including emails and electronically stored information which materially describes, explains, records or otherwise relates to each such material basis for a defense.

In response to said interrogatory, L-3 objected on the basis that the interrogatory is overly broad,

unduly burdensome, and overly vague and on the basis of the work product doctrine.  Additionally,

without waiving said objections, L-3 responded by directing plaintiff to its answer to Interrogatory

No. 5 and by stating that it agreed to produce all non-privileged documents that may relate to or be

used to support L-3's defenses.[2]

        Having reviewed the parties' submissions, the Court finds that L-3's answer to Interrogatory

No. 2 is not adequate.  Specifically, as set forth above, the Court finds that plaintiff's request for

"material" facts and documents is proper and does not invade the protection afforded by the work

product doctrine.  Additionally, the Court finds that Interrogatory No. 2 is not overly broad, unduly

---

[2]The Court would note, however, that as of the date of plaintiff's reply, L-3 had not produced any documents.

burdensome, or overly vague.  The Court further finds that plaintiff is entitled to discover the facts

upon which L-3's affirmative defenses are based and finds that three of L-3's affirmative defenses

are, in fact, factually based.[3]  Finally, the Court finds that L-3 has failed to respond to each of the

interrogatory's subparts and has failed to provide the requested "identification" information.

Accordingly, the Court finds that L-3 should be compelled to properly and fully respond to

Interrogatory No. 2.

III.    Interrogatory No. 5

Interrogatory No. 5 provides:

> INTERROGATORY NO. 5: Identify (as defined above) those
> persons whom you believe has [sic] any material knowledge related
> to any claims, defenses, impeachment or other material issues in this
> case.  Such persons must include those individual [sic] identified on
> any disclosures, witness lists or pretrial orders including
> supplementations to the same.  For each such person set out the
> material facts (i.e.: rather than topics, dates, events, actions,
> omissions or statements) and opinions which you each [sic] to testify
> regarding.

Plaintiff contends that L-3's response to this interrogatory is wholly inexplicit and insufficient.  L-3

contends that it has provided an adequate and complete response to Interrogatory No. 5 and that,

nevertheless, it is in the process of supplementing its answer.

Having carefully reviewed the parties' submissions, the Court finds that while L-3's response

provides some of the information requested in Interrogatory No. 5, it does not fully and completely

answer said interrogatory.  Further, the Court finds that L-3 has failed to provide the requested

---

[3]The three factually based affirmative defenses are (1) L-3's actions were taken for legitimate, non-discriminatory reasons; (2) the Court lacks jurisdiction over the dispute because plaintiff has not exhausted her administrative remedies; and (3) L-3 is not liable for punitive damages because it acted in good faith.

"identification" information.  Accordingly, the Court finds that L-3 should be compelled to properly

and fully respond to Interrogatory No. 5.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Compel Discovery

[docket no. 28] and ORDERS L-3 to properly and fully respond to plaintiff's Interrogatory Nos. 1,

2, and 5 by April 15, 2008.

**IT IS SO ORDERED this 1st day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE